```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
CHARLES ALEX LAWSON,          :
                              :
          Plaintiff,          :   Civ. No. 20-15705 (NLH)(AMD)
                              :
     v.                       :   MEMORANDUM OPINION AND ORDER
                              :
                              :
WARDEN RICHARD T. SMITH,      :
et al.,                       :
                              :
          Defendants.         :
_____:
```

APPEARANCES:

Alexander Clayton Banzhaf, Esq.
Katherine Ann Escanlar, Esq.
Saiber LLC
18 Columbia Turnpike
Suite 200
Florham Park, NJ 07932

    Attorneys for Plaintiff

James R. Birchmeier, Esq.
Birchmeier & Powell LLC
1891 State Highway 50
PO Box 582
Tuckahoe, NJ 08250-0582

    Attorneys for Defendants

HILLMAN, District Judge

    WHEREAS, Plaintiff Charles Lawson filed a pro se complaint alleging unconstitutional conditions of confinement at the Cumberland County Jail, ECF No. 1; and

    WHEREAS, Magistrate Judge Donio granted Plaintiff's request for the appointment of pro bono counsel, ECF No. 15; and

1

WHEREAS, prior to counsel entering an appearance, Plaintiff filed a motion for injunctive relief asking the Court to prevent him from being transferred to Hudson County Jail until after a suppression hearing is conducted in his criminal case, ECF No. 23; and

WHEREAS, Defendants have not filed opposition to the motion, and the time to file any opposition expired on February 8, 2022; and

WHEREAS, the Court will deny Plaintiff's motion.  A request for injunctive relief in the prison context must be "viewed with considerable caution."  Rush v. Corr. Med. Servs., Inc., 287 F. App'x 142, 144 (3d Cir. 2008).  A party seeking the extraordinary remedy of preliminary injunctive relief must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."  Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).  "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate."  Rush, 287 F. App'x at 14; and

WHEREAS, Plaintiff has not shown a likelihood of success on the merits.  The issue of transferring detainees from the Cumberland County Jail to Hudson County has been extensively

litigated in the New Jersey state courts, and the New Jersey Supreme Court declined to hear the matter. Krakora for State v. Cty. of Cumberland, 259 A.3d 288, reconsideration denied sub nom. Krakora v. Cty. of Cumberland, 262 A.3d 424 (N.J. 2021); and

WHEREAS, Plaintiff's request is not based on any proceedings before this Court. Plaintiff asks the Court to prohibit his transfer until the completion of a hearing in his state criminal proceedings; such a request would more properly be submitted to the presiding judge in that matter. In addition to a cognitive disconnect between the complaint alleging unconstitutional conditions of confinement at the Cumberland County Jail and the request of injunctive relief in the form of an order mandating that Plaintiff continue to be subjected to those alleged conditions, requests for injunctive relief must relate to the relief sought in the complaint. See Hines v. Lanigan, No. 17-02864, 2020 WL 6613213, at *2 (D.N.J. Nov. 10, 2020); and

WHEREAS, Plaintiff will not be irreparably harmed if the Court denies an injunction because he is now represented by counsel who can communicate directly with him regarding proceedings in this Court; and

3

WHEREAS, the Court will deny the motion for injunctive relief as Plaintiff has not shown a likelihood of success or that he will be irreparably harmed,

IT IS therefore on this 9th day of February, 2022,

ORDERED that Plaintiff's motion for injunctive relief, ECF No. 23, shall be, and hereby is, denied.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.